**Nola Charlotte GIESE, Appellant,**

v.

**NCNB TEXAS FORNEY BANKING CENTER, Appellee.**

No. 05–93–00818–CV.

Court of Appeals of Texas, Dallas.

June 17, 1994.

---

Elland Archer, Mesquite, for appellant.

Jeffery R. Seewald, Dallas, for appellee.

Before THOMAS, OVARD and WHITTINGTON, JJ.

## OPINION

THOMAS, Justice.

In this case of first impression, we must decide the proper method for perfecting a lien on a mobile home that is affixed to land and the priority of competing liens. Nola Charlotte Giese appeals a judgment rendered in favor of NCNB Texas Forney Banking Center (the Bank). In six points of error, appellant generally complains the trial court erred in granting summary judgment because:

- she properly perfected her lien under Texas law before the Bank perfected its lien;

- the Bank's summary-judgment evidence was insufficient to support the trial court's judgment;

- the Bank's motion for summary judgment did not address her cause of

action for damages in connection with the removal of the mobile home; and

- she was improperly denied an "oral hearing".

We affirm the summary judgment as it relates to the priority of the liens. We reverse the trial court's judgment and remand the cause on the issue of whether the Bank's manner of removing the mobile home caused damages to the various improvements.

## FACTUAL BACKGROUND

Appellant owned land in Kaufman County, Texas. She placed a 1981 Schult doublewide mobile home on the property and installed plumbing, electricity, a septic system, porch, and deck. On May 22, 1984, appellant sold the property, along with the improvements, to Virginia and John Perry Farmer. The sale was secured by a deed of trust and note and by a financing statement on the mobile home. Appellant filed all of these documents with the county clerk's office.

In February 1986, First Republic Bank Forney[1] made a loan to the Farmers. This loan was secured by the mobile home. First Republic recorded its lien with the State, and the lien was noted on the certificate of title. In September 1988, the Bank consolidated two of the Farmers' notes and secured the new note in part by the mobile home. The Farmers gave the Bank a security interest in the mobile home.

In 1989, the Farmers defaulted on their note to appellant. Thereafter, appellant began foreclosure proceedings. At the same time, the Farmers failed to make their note payments to the Bank. Claiming a superior lien, the Bank foreclosed on the note, repossessed the mobile home, sold it, and applied the proceeds to the loan balance.

Appellant filed this action seeking a declaration that she possessed the superior lien. Additionally, appellant sought damages for the destruction to the porch, deck, air conditioning, plumbing, and septic system caused when the mobile home was removed from the land.

## STANDARD OF REVIEW

The function of a summary judgment is not to deprive a litigant of the right to a full hearing on the merits of any real issue of fact but to eliminate patently unmeritorious claims and untenable defenses. *Gulbenkian v. Penn,* 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952). In reviewing a summary-judgment record, this Court applies the following standards:

1. The movant for summary judgment has the burden of showing there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, we must take the evidence favorable to the nonmovant as true.

3. We indulge every reasonable inference in favor of the nonmovant and resolve any doubts in her favor.

*See Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). The purpose of the summary-judgment rule is not to provide either a trial by deposition or a trial by affidavit but is to provide a method of summarily terminating a case when it clearly appears that only a question of law is involved and that no genuine issue of fact remains. *Port Distrib. Corp. v. Fritz Chem. Co.,* 775 S.W.2d 669, 671 (Tex.App.—Dallas 1989, writ dism'd by agr.).

To show its right to summary judgment, the defendant must either disprove an essential element of the plaintiff's cause of action as a matter of law or conclusively establish all elements of its defense. *See Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970). An issue is conclusively established if ordinary minds cannot differ as to the conclusion to be drawn from the evidence. *See Triton Oil & Gas Corp. v. Marine Contractors & Supply Inc.,* 644 S.W.2d 443, 446 (Tex.1982).

---

**1.** First Republic went into receivership. The Bank is the assignee of the Federal Deposit Insurance Corporation.

## PRIORITY OF LIENS

### 1. Parties' Contentions

Appellant contends that the summary judgment was improper because her perfected lien had priority. Specifically, she asserts that when she sold the land and mobile home to the Farmers, she treated the sale as a real estate transaction. Therefore, she argues she properly perfected her purchase money lien by filing the deed of trust and financing statement describing the mobile home in the county records. Appellant claims her lien is superior since her documents were filed almost two years before the Bank filed its lien with the State.

The Bank, however, counters that appellant did not properly perfect her lien because she failed to follow the applicable statutory law. The Bank argues that if appellant desired to record the lien in the real property records, she had to first cancel her title document. Otherwise, the Bank contends appellant was required to file her lien with the Texas Department of Licensing and Regulation, which regulates the titling of mobile homes. Because appellant did neither, the Bank claims it is the superior lienholder as evidenced by the certificate of ownership, which reflects a lien in its favor.

### 2. Perfecting a Security Interest in Mobile Homes

Perfection of security interests in mobile homes is governed by the Texas Manufactured Housing Standards Act (the Act).[2] Tex.Bus. & Com.Code Ann. § 9.302(c)(2) (Vernon 1991). The Department of Licensing and Regulation regulates manufactured housing in Texas and is authorized to adopt rules regarding application and issuance of title documents relating to manufactured homes.[3] Act of June 17, 1981, 67th Leg., R.S., ch. 815, § 19, 1981 Tex.Gen.Laws 3084, *amended by* Act of June 16, 1989, 71st Leg., R.S., ch. 1039, §§ 2.26, 2.27, 1989 Tex.Gen.Laws 4172, 4196–99. A mobile home is included in the

definition of manufactured home. Tex.Rev. Cit.Stat.Ann. art. 5221f, § 3(17). The Department issues title documents, which contain the dates of any liens and the names and addresses of any lienholders. Tex.Rev.Civ. Stat.Ann. art. 5221f, § 19(a)(2)(F).

The Act defines lien as:

[A] security interest that is created by any kind of lease, conditional sales contract, deed of trust, chattel mortgage, trust receipt, reservation of title, or other security agreement of whatever kind or character if an interest, other than an absolute title, is sought to be held or given in a manufactured home, and any lien on a manufactured home that is created or given by the constitution or statute.

Tex.Rev.Civ.Stat.Ann. art. 5221f, § 19(a)(6). A "security interest" is an interest in personal property or fixtures which secures payment or performance of an obligation. Tex. Bus. & Com.Code Ann. § 1.201(37)(A).

A lien, which has been registered and recorded with the Department, is notice to all persons that the lien on the mobile home exists. Tex.Rev.Civ.Stat.Ann. art. 5221f, § 19(k). Such liens have priority in the chronological order of recordation over all liens or claims against the mobile home. Tex.Rev. Civ.Stat.Ann. art. 5221f, § 19(k).

If a mobile home is affixed to land, as in the instant case, the Act provides that the original title document *may* be surrendered to the Department for cancellation. Tex. Rev.Civ.Stat.Ann. art. 5221f, § 19(j) (emphasis added). The party must give the Department the address of the real property when the title document is surrendered, and the Department may require the party to file other information. Tex.Rev.Civ.Stat.Ann. art. 5221f, § 19(j). If a lien has been registered or recorded on the mobile home, the Department may not cancel the title document until the lien is released. Tex.Rev.Civ. Stat.Ann. art. 5221f, § 19(j).

---

2. Tex.Rev.Civ.Stat.Ann. art. 5221f (Vernon 1987 & Supp.1994).

3. After both parties attempted to perfect their liens, the legislature placed the Department under the governance of the Texas Commission of Licensing and Regulation and the commissioner

of licensing and regulation. However, there have been no other substantive changes to the statute pertinent to this opinion. Therefore, all future references will be to the statute currently in effect.

The Department is charged with adopting rules consistent with the statute for the titling of mobile homes previously registered or titled in Texas or another state. TEX.REV. CIV.STAT.ANN. art. 5221f, § 19(q). The rules must protect a lienholder recorded on a certificate or document of title. TEX.REV.CIV. STAT.ANN. art. 5221f, § 19(q).

### 3. Application of Law to Facts

■ For the Bank to prevail, it had to prove that its rights in the mobile home were superior to any rights possessed by appellant. The Bank presented the sworn affidavit of one of its officers and the certificate of ownership noting a lien in its favor.[4] This lien is the only lien recorded on the document. Thus, the question is whether appellant's filing in the county records was a prior perfected lien.

■ The answer turns on language in the Act which provides that the original title document *may* be surrendered and canceled if the mobile home is affixed to land. We conclude that the legislature intended this language to allow two methods of perfecting a lien on a mobile home permanently attached to land: (1) a party can perfect her lien in the real property records *if* she surrenders and cancels her title document; or (2) if the party does not surrender and cancel her title, the party must note the lien on the certificate of title.

A contrary conclusion would lead to confusion for subsequent potential creditors trying to determine if prior liens exist before accepting a mobile home as collateral. When a lien against a mobile home is properly recorded, it is notice to all persons of the existence of the security interest in that property. When perfection is attempted in the manner described in this case, there is an original certificate of title outstanding that does not reflect any liens against the property. Thus, when the Farmers used their mobile home as collateral and presented their certificate of title to the Bank, the Bank had no notice of the prior lien.[5] Had the title been canceled, the Bank would have been put on notice that it needed to investigate further.[6]

Our decision today provides clear rules regarding the perfection of a lien against a mobile home permanently attached to land. We find support for this holding in the rules promulgated by the Department to further the intent of the statute. With respect to tax liens, the Department excludes from the term "manufactured housing" any manufactured home which *has been declared to be real estate and for which the document of title has been canceled.* 16 Tex.Admin.Code § 69.208(j) (recording tax lien on manufactured homes). In other words, to fall outside the purview of the Act, a party must (1) declare the mobile home as real estate and (2) cancel the title. Here, appellant failed to cancel the title document. Thus, we conclude that she did not properly perfect her lien. The Bank, however, established that it properly perfected its lien as evidenced by the certificate of ownership. Thus, we hold that the Bank established as a matter of law that it held the superior lien on the mobile home. We overrule the sixth point of error.

### THE BANK'S SUMMARY–JUDGMENT EVIDENCE

■ In points of error three through five, appellant complains that the Bank's summary-judgment proof is incompetent. To establish its entitlement to summary judgment, the Bank relies on the affidavit of David P. Weiner, a bank officer, and a certificate of ownership, which was attached to Weiner's

---

4. We address appellant's complaints concerning the sufficiency of the Bank's summary-judgment evidence in the next section.

5. If the home is subject to any lien, the original title document is mailed to the first lienholder of record. A nonnegotiable copy is mailed to the purchaser and to the second lienholder, if any. If no lien exists, the word "none" is placed in the first lien section of the title document, and the original is mailed to the purchaser. TEX.REV.CIV.

STAT.ANN. art. 5221f, § 19(d); 16 TEX.ADMIN.CODE § 69.204(e)(1) (West 1994) (Dep't of Licensing and Regulation, Manufactured Housing).

6. Title documents may be surrendered for cancellation if the mobile home (1) is being permanently affixed to real estate; (2) has been declared salvage under the Act; or (3) has been sold, exchanged, or transferred by lease purchase for business sale. 16 Tex.Admin.Code § 69.205.

affidavit. Appellant contends the certificate of title was not properly authenticated and Weiner's affidavit was not based on personal knowledge.

■ Defects in the *form* of affidavits or attachments are not grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend. Tex.R.Civ.P. 166a(f) (emphasis added); *Spencer v. City of Dallas,* 819 S.W.2d 612, 616 (Tex.App.—Dallas 1991, no writ). It is generally held that, absent objection, defects in the authentication of attachments in support of a motion for summary judgment or response are waived. *See Kotzur v. Kelly,* 791 S.W.2d 254, 256 (Tex.App.—Corpus Christi 1990, no writ). Failure to affirmatively show that the affiant had personal knowledge is a defect in form. *Grand Prairie Indep. Sch. Dist. v. Vaughan,* 792 S.W.2d 944, 945 (Tex.1990) (per curiam).

■ To avoid waiver of a formal defect, a party must object or except in the trial court, bring the objection or exception to the trial court's attention, and secure a ruling. Tex.R.App.P. 52(a); *see McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 343 n. 7 (Tex.1993) (party asserting exceptions must obtain ruling at or prior to hearing on motion for summary judgment); *see also Lemons v. EMW Mfg. Co.,* 747 S.W.2d 372, 373 (Tex. 1988) (per curiam). Unless an order sustaining the objection is reduced to writing, signed, and entered of record, the objected-to evidence remains part of the summary-judgment evidence. *Utilities Pipeline Co. v. American Petrofina Mktg.,* 760 S.W.2d 719, 723 (Tex.App.—Dallas 1988, no writ).

Although appellant objected to the title document and the affidavit, she did not secure rulings and have those rulings reduced to writing, signed, and entered of record. Therefore, the certificate of title and Weiner's affidavit remain a part of the summary-judgment evidence. *See Utilities Pipeline Co.,* 760 S.W.2d at 723. We overrule the third and fourth points of error.

In the fifth point of error,[7] appellant contends the "summary judgment evidence is insufficient to negate a genuine question of material fact." Presumably, appellant is complaining that because the evidence is incompetent, it is necessarily insufficient to support a summary judgment. Because we conclude that any alleged incompetency in proof was waived, we overrule the fifth point of error.

## DAMAGE TO PROPERTY

■ In the second point of error, appellant complains the trial court erred in granting summary judgment on her claims for damages to the improvements to the land when the Bank removed the mobile home. Specifically, appellant alleges the Bank demolished items to which it had no title or right. The Bank responds that appellant did not plead a cause of action for damages in excess of what was reasonably necessary to lawfully repossess the mobile home; therefore, it had no duty to put on evidence that it repossessed the home in a reasonable manner. We must first decide whether appellant's pleadings raised the issue.

In her original petition, appellant alleged:

Subsequent thereto the said Farmers defaulted on said note and Plaintiff was obliged to foreclose. During such foreclosure proceedings Defendant bank, claiming a superior lien on said mobile home, came on the described real property and took possession of said mobile home and sold it and caused it to be physically severed from the real property, *damaging the real property by demolishing the porch and deck, air conditioner, plumbing and septic system* all to Plaintiff's damage of $60,000.00.

Additionally, in her prayer for relief, appellant sought judgment "for the value of said mobile home together with appurtances [sic] such as porch, deck, septic system and air conditioner." Furthermore, in appellant's affidavit attached to her response to the motion for summary judgment, she complains that the Bank "destroyed the improvements attached to the realty including the porch, deck, outside air conditioner, septic system and landscaping.... The septic system had actually been dug out of the realty."

7. Appellant's fifth point of error was grouped and argued with points of error three and four.

Pleadings should give fair and adequate notice of the facts upon which the pleader relies so that the adversary can properly prepare his defense. *Murray v. O & A Express, Inc.*, 630 S.W.2d 633, 636 (Tex. 1982). However, in the absence of special exceptions, pleadings must be construed liberally. *Roark v. Allen*, 633 S.W.2d 804, 809 (Tex.1982). Every fact will be supplied that can be reasonably inferred from what is specifically stated. *Roark*, 633 S.W.2d at 809.

Although the petition did not specifically state that the Bank's manner of removing the mobile home was unreasonable, we construe appellant's pleadings to raise the issue. Appellant alleged the Bank *demolished* the property, which infers that the manner of removal was not reasonable. Our law provides a secured party with the right to possession of the collateral upon default. Tex.Bus. & Com.Code Ann. § 9.503. In taking possession, a secured party may proceed without judicial process if this can be done without a breach of the peace. Tex.Bus. & Com.Code Ann. § 9.503. Unreasonable damage to the property would constitute a breach of peace. *See Meyers v. Ford Motor Credit Co.*, 619 S.W.2d 572, 574 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ) (court held there was breach of peace in manner of repossession when defendants broke into garage to repossess plaintiff's car, causing substantial damage to garage).

The Bank, as movant, had the burden to put on evidence that it did not unreasonably damage the property when removing the mobile home. There is no such evidence in the record. Thus, summary judgment on the entire case was improper. Accordingly, we sustain appellant's second point of error.

### ORAL ARGUMENT ON SUMMARY–JUDGMENT MOTION

In the first point of error, appellant contends the trial court committed reversible error in granting summary judgment without conducting an oral hearing.[8] Appellant argues that denial of an oral hearing is a "flagrant departure" from the tradition and intent of rule 166a of the Texas Rules of Civil Procedure. We disagree.

The decision whether to grant an oral hearing on a summary judgment motion is purely within the discretion of the trial judge. *Adamo v. State Farm Lloyds Co.*, 853 S.W.2d 673, 677 (Tex.App.—Houston [14th Dist.]), *writ denied per curiam*, 864 S.W.2d 491 (Tex.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1613, 128 L.Ed.2d 340 (1994). Unless the judge requires it, oral argument is not always necessary or desirable in summary-judgment proceedings because no new evidence may be received, and oral testimony may not be considered. *Adamo*, 853 S.W.2d at 677. Pursuant to rule 166a, the trial court may determine the merits of the summary-judgment action only based upon the pleadings, discovery responses, sworn affidavits, and other valid evidence submitted as grounds for granting or denying the motion. Tex.R.Civ.P. 166a(c). Hence, an "oral hearing" on summary judgment is little more than argument of counsel. *Adamo*, 853 S.W.2d at 677. Therefore, we find no error in the trial court's failure to conduct an oral hearing prior to granting summary judgment. We overrule the first point of error.

### CONCLUSION

We affirm the summary judgment as it pertains to the priority of liens. We reverse the trial court's judgment and remand the cause on the issue of whether the Bank's manner of removing the mobile home unreasonably caused damages to the various improvements.

---

**8.** The record reflects that the Kaufman County district clerk notified the parties on April 5, 1993 that the motion for summary judgment was set for hearing on April 28, 1993. However, the trial court granted the motion on April 26, 1993.