NO. 12-02-00151-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


JOHNNY D. COFER AND SANDY COFER,
§
 APPEAL FROM THE 392ND

APPELLANTS


V.
§
 JUDICIAL DISTRICT COURT OF


FERRO CORPORATION,

APPELLEE
§
 HENDERSON COUNTY, TEXAS

 

MEMORANDUM OPINION


 Johnnie D. Cofer and Sandy G. Cofer ("Cofer") appeal from a take-nothing summary
judgment entered in favor of Ferro Corporation ("Ferro") in Cofer's suit for damages in connection
with workplace exposure to silica-containing products. In seven issues, Cofer asserts that Ferro was
not entitled to judgment as a matter of law. We affirm.


Background

 Mr. Cofer was employed with Athens Brick Company from 1984 to 1997 and with Texas
Clay Products Company from 1997 to 1998. By the end of 1998, he had contracted silicosis. He
sued seventy-eight defendants alleging design and marketing defects, negligent design, negligence,
and breach of implied and express warranties. His petition specified several categories of defendants
whose allegedly imperfect products led to his damages, none of which included Ferro. 

 Ferro filed a motion for summary judgment asserting that it never supplied any products to
Athens Brick Company, it designed one of the three kilns at the Texas Clay Products Company in
Malakoff, Texas, and it contracted to construct and install two kilns at Texas Clay in the early 1960s. 
Ferro argued that it has no liability to Cofer due to the application of three separate statutes of repose
found in the Texas Civil Practice and Remedies Code. Ferro contends its engineers designed the
kilns and, pursuant to Section 16.008, it is protected from liability in suits filed more than ten years
after the substantial completion of improvements to real property or that commence out of operations
of equipment attached to real property. Tex. Civ. Prac. & Rem. Code Ann. § 16.008 (Vernon
2002). It also contends that under Section 16.009, it is protected because it constructed
improvements to real property more than ten years before suit was filed. Tex. Civ. Prac. & Rem.
Code Ann. § 16.009 (Vernon 2002). Finally, Ferro argues it is protected by Section 16.012 because
it is a manufacturer of manufacturing equipment that was constructed and installed more than fifteen
years before Cofer filed his suit. Tex. Civ. Prac. & Rem. Code Ann. § 16.012 (Vernon 2002). 
Ferro attached the affidavit of James C. Bays, Ferro's Vice President and General Counsel, the
affidavit of Cyril Rancour, who had previously been employed by Ferro as a senior design draftsman,
and deposition testimony of Louis Vieregge, a former Texas Clay employee, together with
engineering drawings and job specifications for the kilns built by Ferro.

 Cofer filed a response asking the court to deny Ferro's motion or, in the alternative, to grant
a continuance giving him time to conduct discovery so he would be able to justify his opposition to
the motion for summary judgment. Cofer argued that Ferro is not entitled to assert the statutes of
repose as a defense. After an agreed continuance, during which Ferro responded to Cofer's
discovery requests, Cofer filed a supplemental response asserting objections to Ferro's affidavits and
exhibits attached to its motion for summary judgment. Cofer asserted that the affidavits were not
based on personal knowledge of the affiants. He further asserted that Ferro's answers to requests
for admissions conflict with its summary judgment evidence. After a hearing, the trial court granted
Ferro's motion for summary judgment.


Standard of Review

 To obtain a summary judgment, the movant has the burden of showing that there is no
genuine issue of material fact and that he is entitled to judgment as a matter of law. Tex. R. Civ. P.
166a(c). In deciding whether there is a disputed material fact issue precluding summary judgment,
evidence favorable to the non-movant will be taken as true. Nixon v. Mr. Property Management
Co., 690 S.W.2d 546, 548-49 (Tex. 1985). Every reasonable inference must be indulged in favor
of the non-movant and any doubts resolved in its favor. Id. Summary judgment for a defendant is
proper when the summary judgment evidence negates an essential element of the plaintiff's cause
of action as a matter of law or conclusively establishes all elements of an affirmative defense as a
matter of law. Black v. Victoria Lloyds Ins. Co., 797 S.W.2d 20, 27 (Tex. 1990). Once the
defendant produces sufficient evidence to establish the right to summary judgment, the burden shifts
to the non-movant to produce controverting evidence raising a fact issue as to the elements negated. 
Torres v. Western Cas. & Sur. Co., 457 S.W.2d 50, 52 (Tex. 1970); Owen Elec. Supply, Inc. v.
Brite Day Constr. Inc., 821 S.W.2d 283, 286 (Tex. App-Houston [1st Dist.] 1991, writ denied).

 When the order granting summary judgment does not specify the particular grounds the trial
court sustained, on appeal, the summary judgment opponent must defeat each summary judgment
ground argued by the movant. Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989). Otherwise, an
appellate court must uphold the summary judgment on any ground that is supported by the evidence
and pleadings. Id.


Summary Judgment Evidence

 In his sixth issue, Cofer contends the trial court erred when it overruled his objections to
Ferro's summary judgment proof. He argues that the evidence presented by Ferro in support of its
motion for summary judgment is incompetent because it is not based on personal knowledge and is
hearsay. 

 Failure to affirmatively show that the affiant had personal knowledge is a defect in form. 
Giese v. NCNB Texas Forney Banking Ctr., 881 S.W.2d 776, 782 (Tex. App.-Dallas 1994, no
writ). To avoid waiver of a formal defect, a party must object or except in the trial court, bring the
objection or exception to the trial court's attention, and secure a ruling. Tex. R. App. P. 33.1(a);
Giese, 881 S.W.2d at 782. There must be something in the summary judgment or the record, other
than the mere granting of the summary judgment, to indicate the trial court ruled on objections. 
Jones v. Ray Ins. Agency, 59 S.W.3d 739, 753 (Tex. App.-Corpus Christi 2001), pet. denied, 92
S.W.3d 530 (Tex. 2002). The Mother Hubbard clause in the judgment does not act to show the trial
court ruled on objections to the summary judgment evidence. Id. 

 Although Cofer objected to the form of the evidence in the trial court, he failed to obtain a
ruling on his objection. Therefore, his complaints about the evidence are waived. Bauer v. Jasso,
946 S.W.2d 552, 557 (Tex. App.-Corpus Christi 1997, no writ). We overrule Cofer's sixth issue.


Judgment as a Matter of Law

 In his first, second, third, fifth, and seventh issues, Cofer contends generally that Ferro did
not show, as a matter of law, that it is entitled to the protection of the statutes of repose. He argues
that merely manufacturing or constructing the kilns is not sufficient. Rather, Ferro must prove it
installed the kilns on Texas Clay's premises. He also contends that Ferro failed to show it is a
company in the construction industry that annexed personalty to realty. Further, he argues, Ferro did
not prove the absence of a warranty, guaranty, or other contract that would bar application of the
statutes of repose. Finally, Cofer asserts that willful misconduct or fraudulent concealment by Ferro
in connection with the construction of the kilns is an exception to the statutes of repose defense. He
argues that Ferro engaged in fraudulent concealment when it failed to warn Texas Clay of the
dangers of using silica in its kilns and that Ferro did not prove entitlement to summary judgment
because it failed to prove that it provided that warning.

Applicable Law

 Section 16.008 protects registered or licensed engineers who design, plan, or inspect the
construction of improvements to real property or equipment attached to real property if suit is
brought more than ten years after the substantial completion of the improvement or the beginning
of operation of the equipment. Tex. Civ. Prac. & Rem. Code Ann. § 16.008. Section 16.009
protects a person who constructs or repairs improvements to real property when the suit is brought
more than ten years after the substantial completion of the improvement. Tex. Civ. Prac. & Rem.
Code Ann. § 16.009. The purpose of Section 16.009 is to protect someone who constructs or
installs an improvement from facing never-ending potential liability based on that work. Reames
v. Hawthorne-Seving, Inc., 949 S.W.2d 758, 761 (Tex. App.-Dallas 1997, no writ). 

 An improvement includes all additions to the freehold except for trade fixtures which can
be removed without injury to the property. Sonnier v. Chisholm-Ryder Co., 909 S.W.2d 475, 479
(Tex. 1995). Generally, whether an attachment of personalty to realty constitutes an improvement
is a question of the owner's intent. Id. Three factors are to be considered to ascertain whether
personalty has become permanently attached to the realty: 1) the mode and sufficiency of annexation,
either real or constructive, 2) the adaptation of the personalty to the use or the purpose of the realty,
and 3) the intention of the owner who causes the personalty to be annexed to the realty. Id. When
personalty is annexed to realty, it becomes an improvement under the statutes. Id. at 481. 

Summary Judgment Evidence

 James Bays explained in his affidavit that there are no records of sales by Ferro to Athens
Brick Company. Ferro constructed kilns at the Texas Clay plant in the 1960s. 

 Cyril Rancour had been a senior design draftsman for Ferro and had been involved in the
design of kilns constructed by Ferro for Texas Clay. He stated that Ferro delivered materials and
constructed two kilns on site at Texas Clay in accordance with the kiln design approved by engineers
employed by Ferro. Rancour explained that rails were attached to the foundation of the building for
movement of cars in and out of the kilns. Ovens more than 100 feet long were constructed and the
kilns were bolted to the foundation of the building. Attached to Rancour's affidavit are copies of
the specifications and drawings for the design and construction of the kilns built in the Texas Clay
plant. These were created by the engineering division of Ferro in 1960.

 Ferro also presented deposition testimony of Louis Vieregge, a former employee of Texas
Clay, who explained that one of the kilns in plant "A" was 185 feet long and one was 200 feet long. 
Additionally, plant "B" housed "one big kiln." Each kiln was a brick structure with a track running
through it. The brick was stacked on kiln cars which would go through a dryer and then into the kiln. 
The kiln "materials the clay to a suitable strength for a brick." After the bricks cooled, they were
unloaded from the kiln cars.

Discussion

 Bays's affidavit indicates that Ferro provided no products to Athens Brick Company. Ferro,
therefore, cannot be held liable for any injury caused by products Cofer may have come into contact
with during his employment at Athens Brick. The remainder of the evidence and discussion refer
only to Texas Clay.

 The summary judgment evidence shows that the kilns were designed by engineers employed
by Ferro. The materials were delivered to Texas Clay and "constructed and installed" on site by
Ferro. The evidence shows that Ferro falls into the classes of defendants protected by sections
16.008 and 16.009. See Tex. Civ. Prac. & Rem. Code Ann. § 16.008 (engineers who design
construction of improvement); § 16.009 (person who constructs an improvement). The kilns are very
large structures that can accommodate the passage of rail cars through them. The rails were attached
to the building's foundation and the kilns were bolted to the foundation. The kilns have remained
attached to the building's foundation for more than forty years. Texas Clay is in the business of
making bricks using the kilns installed on their premises by Ferro. This is sufficient to prove the
kilns are improvements within the meaning of sections 16.008 and 16.009. Sonnier, 909 S.W.2d
at 479. 

 Section 16.009 provides that it does not bar an action on a written warranty, guaranty, or
other contract that expressly provides for a longer effective period. Tex. Civ. Prac. & Rem. Code
Ann. § 16.009(e)(1). Cofer would have Ferro prove that no warranty exists that would deprive Ferro
of the use of the statute of repose. Cofer attempts to improperly shift the burden. As argued, the
alleged warranty is in the nature of a defense. If Cofer wants to rely on the existence of a warranty
that would make the statute of repose inapplicable, he must prove the warranty's existence. See
Harris v. Rowe, 593 S.W.2d 303, 306 (Tex. 1979) (The burden of proof when establishing an
alleged affirmative defense is on the party asserting it.). Cofer presented no summary judgment
evidence.

 Repeating an argument raised for the first time in his response, Cofer argues that, pursuant
to Section 16.009(e)(3), Ferro cannot rely on the statute of repose due to its willful misconduct or
fraudulent concealment. Specifically, he asserts Ferro failed to prove that it warned Texas Clay of
the dangers of silica. The statute of repose does not bar an action that is based on willful misconduct
or fraudulent concealment in connection with the performance of the construction. Tex. Civ. Prac.
& Rem. Code Ann. § 16.009(e)(3). Cofer's specific complaint has nothing to do with the
performance of the construction. Therefore, this provision does not apply to Cofer's argument. 
Further, Cofer presented no summary judgment evidence raising a fact issue on willful misconduct
or fraudulent concealment. See Ryland Group, Inc. v. Hood, 924 S.W.2d 120, 121-22 (Tex. 1996).

 Ferro met its burden to establish entitlement to judgment as a matter of law based on the
statutes of repose found in Sections 16.008 and 16.009. See Black, 797 S.W.2d at 27. Cofer did not
raise a fact issue as to Ferro's affirmative defense. See Torres, 457 S.W.2d at 52. Therefore, the
trial court did not err in granting Ferro's motion for summary judgment. We overrule Cofer's issues
one, two, three, five, and seven.

Ferro as Manufacturer

 In his fourth issue, as listed at the beginning of his brief, Cofer asserts that Ferro did not
establish that it is a manufacturer or seller of manufacturing equipment and therefore Section 16.012
is inapplicable. We find no argument addressing this issue in the body of Cofer's brief. Therefore,
this issue is waived. Tex. R. App. P. 38.1(h). However, we have determined that Ferro is entitled
to judgment under both Sections 16.008 and 16.009. A discussion of 16.012 is not necessary. Tex.
R. App. P. 47.1. We overrule Cofer's fourth issue.


Conclusion

 Through its summary judgment evidence, Ferro established the applicability of two separate
statutes of repose, as a matter of law, thereby barring Cofer's suit. Cofer failed to raise a fact issue
to defeat the summary judgment. Accordingly, we affirm the trial court's judgment.




 DIANE DEVASTO 

 Justice



Opinion delivered August 6, 2003.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

 










(PUBLISH)