Affirmed as Modified and Memorandum Opinion filed August 26, 2008








Affirmed as Modified and
Memorandum Opinion filed August 26, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00491-CV

____________

 

SAMUEL MAYO, Appellant

 

V.

 

SUEMAUR EXPLORATION &
PRODUCTION LLC and WILFRED L.

PELTIER, Appellees

 



 

On Appeal from the County
Court at Law No. 4

Brazoria County, Texas

Trial Court Cause No. CI036971

 



 

C O N C U R R I N G   O P I N I O N








I concur fully in the court=s opinion, but
write separately to note that the state of the law concerning preserving error
on objections to summary-judgment evidence could use some clarification.  As it
stands now, a party need not object at the trial court when its opponent makes
no attempt to authenticate the attachments to its summary-judgment motion,[1]
but it must object to a failure to properly execute an attempt to authenticate
an attachment, or the objection is waived.[2] 
Moreover, some courts have held that the trial court may implicitly overrule
objections to summary-judgment evidence,[3]
while others maintain that expressly overruling them orally on the record is
insufficient without memorializing the ruling in a written order.[4] 
Until such discrepancies are resolved, the best practice is still for counsel
to make all objections in writing at or before the summary-judgment hearing and
to obtain a written and signed ruling on those objections from the trial court.[5]


 

/s/      Jeff Brown

Justice

 

Judgment
rendered and Opinion filed August 26, 2008. 

Panel
consists of Justices Yates, Anderson and Brown. (J., Anderson files Majority.)









[1] 
Blanche v. First
Nationwide Mortgage Corp., 74 S.W.3d 444, 451 (Tex. App.BDallas 2002, no pet.) (holding that Aa complete absence of
authentication@ of summary-judgment evidence Ais a defect of substance@ rather than form); see also Bayou City Fish Co. v. South Tex. Shrimp
Processors, Inc.,
No. 13-06-438-CV, 2007 WL 4112003, at *4 (Tex. App.BCorpus Christi Nov. 20, 2007, no
pet.)  (mem.  op., not designated for publication); Gudur v. Tex. Dep=t of Health, No. 03-03-00752-CV, 2005 WL
2673670, at *5 (Tex. App.CAustin Oct. 21, 2005, no pet.)
(mem. op., not designated for publication); Gillespie v. Wells Fargo Bank
Minn., N.A., No. 01-03-00742-CV, 2004 WL 2966328, at * 2 (Tex. App.CHouston [1st Dist.] Dec. 23, 2004,
rule 53.7(f) motion denied) (mem.  op., not designated for publication); Medford
v. Medford, 68 S.W.3d 242, 246 (Tex. App.CFort Worth 2002, rule 53.7(f) motion granted); Llopa,
Inc. v. Nagel, 956 S.W.2d 82, 87 (Tex. App.CSan Antonio 1997, writ denied). 





[2] 
Ellen v. Brazos County Bail Bond Bd., 127 S.W.3d 42, 46 (Tex. App.BHouston [14th Dist.] 2003, no pet.) (mem.  op.,
holding that objection that affidavit Adid
not provide proper authentication@
was an objection to the form of summary-judgment proof); Giese v. NCNB Tex.
Forney Banking Ctr., 881 S.W.2d 776, 782 (Tex. App.BDallas 1994, no writ) (holding that, Aabsent objection, defects in the authentication of
attachments . . . are waived@), cited in
Blanche, 74 S.W.3d at 451 (distinguishing Giese as a failed attempt
to properly authenticate as opposed to Aa
complete absence of authentication@).





[3] 
See, e.g., Residential Dynamics, LLC v.
Loveless, 186 S.W.3d 192, 195 (Tex.
App.BFort Worth 2006, no pet.); Marrs and Smith,
Partnership v. D.K. Boyd Oil and Gas Co., No. 08-00-00386-CV, 2002 WL
1445334, at *3 n.4 (Tex. App.BEl Paso July 3,
2002, no pet.); Columbia Rio Grande Reg=l Hosp. v. Stover, 17 S.W.3d 387, 395-96 (Tex. App.BCorpus
Christi 2000, no pet.); Frazier v. Yu, 987 S.W.2d 607, 610 (Tex.
App.BFort Worth 1999, pet. denied).  But see Well
Solutions, Inc. v. Stafford, 32 S.W.3d 313, 317 (Tex. App.BSan Antonio 2000, no pet.) (rejecting the notion that
a trial court=s ruling on an objection to summary-judgment evidence
can be implicit in its ruling on the motion for summary-judgment); Dolcefino
v. Rudolph, 19 S.W.3d 906, 926-27 & n.16 (Tex. App.BHouston [14th Dist.] 2000, pet. denied) (declining to
infer from the record any implicit ruling by the trial court on objections to
summary-judgment evidence); Watson v. Dallas Indep. Sch. Dist., 135
S.W.3d 208, 229 (Tex. App.BWaco 2004, no
pet.); In re Estate of Loveless, 64 S.W.3d 564, 573 (Tex. App.BTexarkana 2001, no pet.); Nelson v. Dykeman,
No. 09-01-226-CV, 2002 WL 538811, at *3 (Tex. App.BBeaumont 2002, pet. denied) (not designated for
publication).  See also Hon. Randy Wilson, Why Can=t Lawyers Preserve Objections?, 69 Tex. B.J. 316,
319-320 (2006) (noting split of authority among courts of appeals concerning
viability of Aimplicit@
rulings).





[4] 
Manoogian v. Lake Forest Corp., 652 S.W.2d 816, 819 (Tex. App.BAustin 1983, writ ref=d n.r.e.) (citing City of Houston v. Clear Creek Basin Auth.,
589 S.W.2d 671, 677 (Tex. 1979) (holding that objections to summary-judgment
evidence must be in writing)); see also Harper v. Yello Belly Drag Strip Co.,
No. 05-01-00411-CV, 2002 WL 386713, at *3 & n.3 (Tex. App.BDallas Mar. 13, 2002, no pet.)  (not designated for
publication).  But see Marrs and Smith, 2002 WL 1445334, at *3 & n.4
(holding that although trial court did not follow oral ruling sustaining
objection to summary-judgment evidence with written order, it was Aimplicit@
and thus the error was preserved). 





[5]  See Dolcefino, 19 S.W.3d at 926 (stating that
Ait is incumbent upon the party asserting objections to
obtain a written ruling@ on objections to summary-judgment objections, Aor risk waiver@); see
also Wilson, 69 Tex. B.J. at
318-20.