Charles G. McCONATHY, David R. McConathy & James McConathy, Appellants,

v.

Coys S. McCONATHY, Appellee.

No. 05–92–01020–CV.

Court of Appeals of Texas, Dallas.

March 2, 1993.

---

1. *See* in TEX.CIV.PRAC. & REM.CODE ANN. § 51.014    (Vernon Supp.1991).

John D. Nation, R.K. Weaver, Dallas, for appellants.

Douglas A. Barnes, Dallas, for appellee.

Before OVARD, MORRIS and CARVER [1], JJ.

## OPINION

CARVER, Justice, Assigned.

Charles G. McConathy, David R. McConathy, and James McConathy, brothers and the sons of Samuel G. McConathy, deceased, appeal the summary judgment granted in favor of Coys S. McConathy, widow of the deceased McConathy and step-mother to appellants, denying their suit claiming an unwritten agreement with the widow for them to share in the proceeds of their father's life insurance policy naming the widow as beneficiary. In their sole point of error, the sons argue that the trial court erred in granting the summary judgment because a material issue of fact existed as to whether the widow had made a promise for which it was forseeable that the sons would rely upon, and which the sons had substantially relied upon to their detriment. Finding no error, we affirm.

## FACTS

Samuel G. McConathy died on August 12, 1983, leaving insurance proceeds in excess of $90,000 to his widow, Coys McConathy. The widow, believing that the policy was only worth $30,000, told the sons during the funeral reception that she would use the proceeds as needed, but would like to see that in the event of her death the proceeds would go to the sons. Several days later, the widow learned that the proceeds were actually $90,000, as Mr. McConathy had selected additional life insurance in lieu of other benefits without her knowledge. From the $90,562.19 she received as proceeds, which included $562.19 in interest, the widow deposited $4400 in her checking account and paid the

1. The Honorable Spencer Carver, Justice, Court of Appeals, Fifth District of Texas, Retired, sitting by assignment.

funeral bills, and co-mingled the $86,000 in her Flexfund Account at Republic Bank. On October 4, 1983, the widow purchased a CD from Republic Bank in the amount of $100,-000, with a "pay on death" provision that, in the event of her death, the fund would be paid in equal shares to the sons. The CD was renewed several times and on January 3, 1986, the proceeds of the CD were invested in a Van Kemp Merritt U.S. Fund in the sole name of Coys S. McConathy.

The sons brought suit against the widow, alleging breach of fiduciary duty and seeking punitive damages and a declaratory judgment as to their ownership interests in the proceeds of the life insurance policy. The widow filed a motion for summary judgment, alleging that she had no contractual relationship with the sons for which there could be a resulting breach, nor had she made an effective gift of the insurance proceeds to the sons. In their response to the motion for summary judgment, the sons argued that material fact questions existed as to 1) whether there was a family agreement upon which the sons relied by foregoing their interests in their father's estate, 2) whether the widow had made a gift and was liable for conversion, and 3) the extent of their father's estate. On December 30, 1991, the trial court granted the widow's summary judgment motion and it this order from which the sons appeal.

## PROMISSORY ESTOPPEL

The sons' single point of error complains that the judgment was erroneous because a material issue of fact existed concerning whether the widow had made a promise for which it was foreseeable that appellants would rely thereon, and whether appellants had substantially relied thereon to their detriment. They argue that their summary judgment evidence showed the widow had made a promise to give them each a one-quarter interest in the proceeds of their father's life insurance policy, and point to the widow's pay on death CD naming them as beneficiaries as further evidence of this promise. They also contend that their detrimental reliance was shown from the fact that they did not seek administration of their father's estate, and did not seek an accounting or reimbursement for community funds expended on the widow's separate property. Finally, the sons assert that the widow's affidavit was an insufficient basis on which to grant summary judgment because she only alleged the lack of a promise and did not attack the forseeability of reliance by the sons nor their claim of detrimental reliance.

The widow responds that the trial court did not err in granting her summary judgment motion because she established as a matter of law that the sons had no right to the insurance funds either by contract or gift, and negated the sons' theories of recovery. She asserts that her affidavit was direct evidence that she never made a promise to the sons, and this assertion remains uncontradicted in light of the sons' unsworn response and unauthenticated and unsworn deposition excerpts proferred as evidence. Thus, she maintains that the only summary judgment evidence properly before the trial court was submitted by her and such evidence, unrebutted, left neither fact nor inference that the sons' cause of action ever existed; that is, the sons' claim was "patently without merit." We agree with the widow.

## STANDARD OF REVIEW

Summary judgment is proper only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c). The standard for reviewing a motion for summary judgment is as follows:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in his favor.

*Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). A defendant must disprove one element of the plaintiff's cause of action to prevail on summary judg-

ment. *Harris v. Varo,* 814 S.W.2d 520, 522 (Tex.App.—Dallas 1991, no writ).

The purpose of the summary judgment rule is to eliminate patently unmeritorious claims or untenable defense, not deprive the litigants of their right to a full hearing on the merits of real fact issues. *Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929, 931 (1952). Proper summary judgment evidence consists of affidavits, admissions, stipulations of the parties, authenticated or certified public records, deposition transcripts, and interrogatory answers. *See* TEX.R.CIV.P. 166a(c). With regard to authenticating summary judgment evidence, rule 166a(d) provides:

> Discovery products not on file with the clerk may be used as summary judgment evidence if copies of the material, appendices containing the evidence, or a notice containing specific references to the discovery or specific references to other instruments, are filed and served on all parties together with a statement of intent to use the specified discovery as summary judgment proofs ... at least seven days before the hearing if such proofs are to be used to oppose the summary judgment.

TEX.R.CIV.P. 166a(d).

### SUMMARY JUDGMENT EVIDENCE

In the instant case, the widow's motion for summary judgment was supported by her sworn affidavit in which she denied the making of any agreement, of any kind, at any time, with any person, concerning any estate of, or any life insurance proceeds on the life of, Samuel G. McConathy, deceased; consequently, no breach of an agreement could, or did, occur to the sons' loss for which any legal relief could be granted.

The sons responded to the widow's motion for summary judgment with a document, not under oath, accompanied by exhibits of deposition excerpts not under oath or otherwise made admissible into evidence. The brief, and oral argument in behalf of the sons argues that the exhibits attached to their unsworn response to the summary judgment motion should have been considered as summary judgment evidence by the trial court and that the contents of such exhibits (unauthenticated excerpts from each

of the sons' depositions) raised all the facts of their claim and disputed all the facts of the widow's affidavit.

We disagree. The sons' deposition excerpts did not constitute proper summary judgment evidence. Copies or excerpts of depositions are admissible only if they are certified by the court reporter and verified by the attorney. *Harris,* 814 S.W.2d at 523. Here, the depositions were neither certified by the court reporter nor verified by the sons' attorney. Also, the sons' excerpts only raised the existence of a promise and did not describe any alleged detrimental reliance or foreseeable reliance based on the promise. The only place where they allege that their reliance was forseeable and detrimental was in their response to the summary judgment motion. This does not constitute summary judgment evidence. *Bakali v. Bakali,* 830 S.W.2d 251, 256 (Tex.App.—Dallas 1992, no writ) (the motion for summary judgment itself is not summary judgment evidence).

The sons argue in their supplemental brief that authentication of deposition excerpts is not required under rule 166a because it is a discovery product and, as such, sworn to or otherwise certified when it was prepared. They assert that the authentication requirement is more applicable to non-discovery attachments to summary judgment such as affidavits, which may never have been seen by the other side and are not taken during normal discovery procedures under the supervision of the court. Furthermore, the 1990 amendments to rule 166a appeared to have changed the procedure for bringing deposition excerpts before the trial as summary judgment evidence. Finally, the sons maintain that the widow has waived any error on appeal by failing to object to authenticity at the hearing. We are unpersuaded by their arguments.

Admittedly, rule 166a(d) has changed the procedure for unfiled discovery products to be used as summary judgment evidence by allowing copies of the material to be filed and served on all parties with a statement of intent to use the items as summary judgment proof within seven days of the hearing. TEX. R.CIV.P. 166a(d). However, the sons have

failed to produce evidence that they followed this procedure. Moreover, the widow has not waived error because the absence of proper authentication is substantive and, as such, may be raised for the first time on appeal. *Bixenstine v. Palacios,* 805 S.W.2d 889, 891 (Tex.App.—Corpus Christi 1991, no writ).

■ After examining the sons' unsworn response and the unauthenticated deposition excerpts, as they appear in our transcript, we conclude that the trial court correctly ignored the content thereof in the absence of either a certificate of the deposition reporter authenticating the excerpt as the sworn testimony given by the witness, or the attending attorney's original affidavit certifying the truthfulness and correctness of the copied material. *Deerfield Land Joint Venture v. Southern Union Realty Co.,* 758 S.W.2d 608, 610 (Tex.App.—Dallas 1988, writ denied). Since there was admissible evidence from the widow's affidavit negating all facts and theories of recovery in the sons' petition, and since the sons offered no admissible evidence to rebut the widow's evidence, the widow's motion for summary judgment was correctly sustained. *See Fadia v. Unauthorized Practice of Law Comm.,* 830 S.W.2d 162, 165 (Tex.App.—Dallas 1992, writ denied). We overrule the sons' sole point of error.

We affirm the judgment of the trial court.