Charles G. McCONATHY, David R. McConathy, and James McConathy, Petitioners,

v.

Coys S. McCONATHY, Respondent.

No. D–3819.

Supreme Court of Texas.

Jan. 5, 1994.

John D. Nation, Dallas, for petitioners.

Douglas Barnes, Dallas, for respondent.

PER CURIAM.

The primary issue presented is whether deposition excerpts submitted as summary judgment evidence must be authenticated. We conclude that authentication is not required under Tex.R.Civ.P. 166a(d), and thus we reverse the judgment of the court of appeals. 869 S.W.2d 357.

Samuel McConathy died intestate on August 12, 1983. His widow, respondent Coys McConathy, received approximately $90,000 as the beneficiary of her husband's life insurance. Petitioners Charles, David and James McConathy, Mr. McConathy's sons and Mrs. McConathy's step-sons, claim that, shortly after their father's death, Mrs. McConathy orally agreed to grant them an interest in these insurance proceeds.[1] The sons further contend that, in reliance on this agreement, they elected to forego their claims against their father's estate as well as their claims against their step-mother for reimbursement for community funds expended on her separate property. After concluding that Mrs. McConathy did not intend to comply with the alleged oral agreement, the sons sued for enforcement.

Mrs. McConathy moved for summary judgment on November 15, 1991. Her supporting affidavit denied the existence of any promise or agreement to divide the insurance proceeds. The sons' response was supported by excerpts from their depositions wherein they testified that respondent did indeed make such a promise. The sons, however, did not include with these deposition excerpts a copy of the court reporter's certificate or an original affidavit by their attorney certifying the accuracy of the copied excerpts.

The trial court granted summary judgment for the step-mother. The court of appeals affirmed, holding that the sons' unauthenticated deposition excerpts could not be considered in opposition to their step-mother's motion for summary judgment. 869 S.W.2d at 358.

We conclude that deposition excerpts submitted as summary judgment evidence need not be authenticated. Texas Rule of Civil Procedure 206 was amended in 1988 to eliminate the requirement that all depositions be filed with the trial court in their entirety. Supreme Court of Texas, order of July 15, 1987, eff. Jan. 1, 1988. In response to this amendment, the court in *Deerfield Land Joint Venture v. Southern Union Realty Co.*, 758 S.W.2d 608 (Tex.App.—Dallas 1988, writ denied), held that excerpts from unfiled depositions offered as summary judgment evidence must be authenticated. That case re-

1. The agreement, according to petitioners, was that Mrs. McConathy would retain the income from the money for her life, with the principal passing to the sons in equal shares on her death.

quires an offering party to include a copy of the court reporter's certificate, as well as an original affidavit certifying the authenticity of the copied excerpts. *Id.* at 610.

In 1990, however, Texas Rule of Civil Procedure 166a was amended by addition of the following new paragraph:

(d) **Appendices, References and Other Use of Discovery Not Otherwise on File.** Discovery products not on file with the clerk may be used as summary judgment evidence if copies of the material, appendices containing the evidence, or a notice containing specific references to the discovery or specific references to other instruments, are filed and served on all parties together with a statement of intent to use the specified discovery as summary judgment proofs: (i) at least twenty-one days before the hearing if such proofs are to be used to support the summary judgment; or (ii) at least seven days before the hearing if such proofs are to be used to oppose the summary judgment.

Tex.R.Civ.P. 166a(d), added by Supreme Court of Texas order of April 24, 1990, eff. Sept. 1, 1990. This rule, which contains no authentication requirement, sets forth the current procedures for use of unfiled discovery products as summary judgment evidence. We hold that Rule 166a(d) supersedes any authentication requirement such as that articulated in *Deerfield.* All parties have ready access to depositions taken in a cause, and thus deposition excerpts submitted with a motion for summary judgment may be easily verified as to their accuracy. Authentication is not necessary and is not required under the present rules.[2]

The sons' deposition excerpts were thus properly before the trial court. As this evidence raises a fact question on the only issue

---

**2.** Rule 166a(d) requires parties to provide a "statement of intent" to use unfiled discovery as summary judgment proof. This requirement is satisfied where the discovery is attached to a summary judgment motion or response and the motion or response clearly relies on the attached discovery as support.

**3.** The court of appeals placed significance on petitioners' failure to offer summary judgment evidence of their detrimental reliance on respondent's alleged promise. This was not their bur-

addressed by Mrs. McConathy's motion for summary judgment—whether she made a promise to divide the insurance proceeds— the summary judgment was improper.[3] *See Southwest Indus. Import & Export, Inc. v. Borneo Sumatra Trading Co.,* 666 S.W.2d 625, 627 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.) (defendant entitled to summary judgment "if he establishes, as a matter of law, that at least one essential element of the plaintiff's cause of action does not exist").

For the foregoing reasons, a majority of the Court, without hearing oral argument, reverses the judgment of the court of appeals and remands this cause to the trial court for further proceedings.

---

den, however, as Mrs. McConathy offered no summary judgment evidence tending to negate this issue. *See City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979). Although it is not completely clear from petitioners' trial court pleadings and appellate briefing whether they base their right of recovery on a bilateral agreement or promissory estoppel, they nonetheless raised a fact question on the only issue addressed by respondent's summary judgment evidence.