The STATE BAR OF TEXAS, Appellant,

v.

Blake C. ERSKINE, Appellee.

No. 11–96–279–CV.

Court of Appeals of Texas,
Eastland.

Sept. 25, 1997.

Rehearing Overruled Nov. 20, 1997.

Edwin R. Fleuriet, Fleuriet, Schell & Phillips, Harlingen, for appellant.

Rex Houston, Ron Adkinson, J. Mitchell Beard, Wellborn, Houston, Adkison, Mann, Sadler & Hill, Henderson, for appellee.

Before ARNOT, C.J., and DICKENSON and WRIGHT, JJ.

ARNOT, Justice.

This appeal stems from a disciplinary action filed by The State Bar of Texas against attorney Blake C. Erskine. The trial court entered a "Summary Judgment Order" which orders a dismissal based upon the State Bar's effective abandonment of this suit and which grants a summary judgment in favor of Erskine. The State Bar appeals, asserting in eight issues on appeal that the trial court abused its discretion in granting the motion to dismiss and that the trial court erred in granting the summary judgment and in striking the affidavit attached to the State Bar's response to the motion for summary judgment. We reverse and remand.

In the first issue on appeal, the State Bar asserts that the trial court abused its discretion in granting the motion to dismiss for want of prosecution because the State Bar was making a diligent effort to get the case to trial. We must review the dismissal for a clear abuse of discretion. The central issue is whether the State Bar exercised reasonable diligence. *MacGregor v. Rich*, 941 S.W.2d 74 (Tex.1997).

The record shows that the disciplinary action against Erskine was originally filed on December 27, 1987. On February 24, 1992, the trial court granted Erskine's first motion to dismiss. In an unpublished opinion, the Twelfth Court of Appeals reversed the dismissal and remanded the cause to the trial court. *The State Bar of Texas v. Blake C.*

*Erskine*, No. 12–92–00118–CV (Tex.App.—Tyler, September 30, 1993, writ den'd). The court of appeals determined that much of the delay was attributable to Erskine and his attorney, that some of the delay was attributable to the substitution of attorneys for the State Bar, and that there was no evidence the State Bar had failed to exercise due diligence in prosecuting the case. The supreme court denied Erskine's application for writ of error on March 30, 1994; and the mandate was filed in the trial court on June 1, 1994. The trial court signed the summary judgment order at issue in this appeal on May 21, 1996. In that order, the trial court found that the State Bar had failed "to proceed with due diligence and disposition after the reversal of the previous Order of Dismissal."

The record reveals that, between June of 1994 and May of 1996, the State Bar filed a motion to substitute counsel, a notice of appearance and designation of counsel, a motion for preferential trial setting, a response to Erskine's motion to dismiss, a response to Erskine's amended motion for summary judgment, a brief in support of such response, two notices of intent to take depositions, an opposition to Erskine's motion for deposition protection, a request for admissions, and a response to Erskine's motion for protection from any further discovery in this case. Counsel for the State Bar testified at the hearing that he received notice of his appointment to this case on January 26, 1995, and that he filed a notice of appearance on January 30, 1995. During February and March, counsel discussed the case with the State Bar's investigator; reviewed the extensive file materials in this case; contacted the district clerk to inquire about local procedures for docket control, pretrial conferences, and setting cases; and contacted the court and opposing counsel. In April, May, and July, counsel for the State Bar consulted with the State Bar and the Commission on Lawyer Discipline. Counsel instructed the State Bar staff to perform various research on this case in September and October. On November 13, 1995, counsel filed the motion for preferential trial setting, requesting that the trial court set a date for the jury trial at the earliest possible date. In response, Erskine filed a motion to dismiss for want of prosecution on November 29, 1995. Pursuant to Erskine's motion, the trial court ordered that the State Bar's discovery notices be canceled due to the pending hearing on the motion to dismiss and motion for summary judgment. The trial court held a hearing on the motions and ordered the case to mediation on March 29, 1996. Subsequently, the trial court granted Erskine's motion to dismiss and motion for summary judgment on May 21, 1996.

We hold that the trial court abused its discretion in dismissing this case for want of prosecution even though the case had been pending for a lengthy period of time. The record shows that counsel for the State Bar exercised reasonable diligence in attempting to get the case tried. Although the State Bar's substitution of counsel in this case caused some delay, much of the delay was attributable to Erskine. Erskine filed a motion to dismiss in response to the State Bar's effort to have the case set for trial and frustrated the State Bar's attempt to have the remaining preliminary matters resolved. The first issue on appeal is sustained.

In the fourth, fifth, sixth, seventh, and eighth issues on appeal, the State Bar argues that the trial court erred in granting Erskine's motion for summary judgment. In order to determine if the trial court erred in granting the motion for summary judgment, we must consider the summary judgment evidence in the light most favorable to the non-movant, indulging all reasonable inferences in favor of the non-movant, and determine whether the movant proved that there was no genuine issue of material fact and that it was entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546 (Tex.1985); *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979).

■ In the eighth issue, the State Bar specifically asserts that summary judgment was improper because the trial court erred in striking the affidavit of E.R. Fleuriet (the attorney representing the State Bar) and the attached exhibit. The affidavit, which was attached to the State Bar's response to the

motion for summary judgment, verified the authenticity of John Robert Smith's sworn testimony at the grievance committee hearing on August 27, 1987. A copy of excerpts from that testimony and a copy of the court reporter's certificate were attached to Fleuriet's affidavit. The court reporter certified that "the foregoing is a full and correct transcript" of the proceedings from the grievance committee hearing. Erskine objected to the affidavit and the sworn testimony, asserting that Fleuriet could not verify John Smith's testimony because Fleuriet was not present at the grievance committee hearing. The trial court sustained the objection and struck the affidavit and the attached testimony.

 We hold that the trial court erred in striking Fleuriet's affidavit and its attachment. We note that discovery products no longer need to be authenticated for summary judgment purposes under TEX.R.CIV.P. 166a(d). *McConathy v. McConathy*, 869 S.W.2d 341 (Tex.1994). Furthermore, the copy of the sworn testimony and court reporter's certificate were properly authenticated by Fleuriet. *Kotzur v. Kelly*, 791 S.W.2d 254 (Tex.App.—Corpus Christi 1990, no writ); see also *McConathy v. McConathy, supra*. The court reporter's certificate authenticated the accuracy of the contents of John Smith's sworn testimony, and Fleuriet's affidavit authenticated the duplication process by verifying the accuracy of the copies. *Kotzur v. Kelly, supra* at 256. Thus, the trial court should have considered these attachments as summary judgment proof.

 Erskine's motion for summary judgment asserted that the State Bar's allegations were not true and that he committed "no breach of any kind" as a matter of law. The State Bar's amended petition alleged that, in three particular cases handled by Erskine's law firm, Erskine violated various disciplinary rules. The disciplinary rules referred to in the State Bar's petition prohibit an attorney from improperly recommending himself for employment, compensating others for recommending his employment, sharing legal fees with nonlawyers, and circumventing the rules through the actions of another. The petition alleged that Leonard Oden, Erskine's employee, agreed with third parties to

share in the legal fees in cases referred to Erskine's law firm. When two of the specified cases settled, Erskine's law firm allegedly issued large checks for "a portion of the firm's fee" to Oden. Oden then issued substantial checks to the third persons for their efforts in getting the referrals.

Attached to Erskine's motion for summary judgment were Erskine's affidavit and portions of the deposition testimony of Larry Smith and John Smith, two of the third parties alleged in the petition. In his affidavit, Erskine denied that his firm employed, encouraged, or permitted Oden to solicit or "run" business through any other individuals. In his deposition, Larry Smith denied soliciting business for Erskine's law firm, recommending the employment of that firm, or receiving compensation for any recommendations. John Smith testified at his deposition that he could not remember or recall any of the following: receiving particular checks from Oden, recommending Erskine's law firm for employment (although he testified that he may have and that he did recommend to someone that she should have Oden look at her settlement check), receiving any money from Erskine or Oden after a lawsuit settled, or having an arrangement about compensation if he recommended Erskine. John Smith also could not remember the purpose of the $28,000 check or the $40,000 check written to him from Oden.

Attached to the State Bar's response to the motion for summary judgment were the documents erroneously struck by the trial court: Fleuriet's affidavit and the sworn testimony of John Smith from the grievance committee hearing. In his sworn testimony, John Smith remembered much more than he did at his later deposition. He testified that he and Oden received 20 to 30 percent of the lawyer's fee from Erskine in cases that they referred to Erskine, that Erskine told him to go through Oden when referring clients, that Oden wrote checks to him for his share, and that he and Oden handled the clients' signing of the contracts hiring Erskine's firm.

We hold that the trial court erred in granting Erskine's motion for summary judgment. Erskine failed to establish that he was entitled to judgment as a matter of law; he did

not negate an element of the causes of action asserted by the State Bar. The fourth, fifth, sixth, seventh, and eighth issues on appeal are sustained.[1]

The judgment of the trial court is reversed, and the cause is remanded for further proceedings.

---

1. We need not reach the second and third issues on appeal complaining that the trial court entered the summary judgment after dismissing the case. TEX.R.APP.P. 47.1. We note, however, that the dismissal and the entry of summary judgment occurred simultaneously.