**Affirmed in Part and Reversed and Remanded in Part and Majority and Concurring Opinions filed July 14, 2016.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00572-CV

## RICHARD ALAN HAASE, Appellant

### V.

## ABRAHAM, WATKINS, NICHOLS, SORRELS, AGOSTO & FRIEND, L.L.P. AND RANDALL SORRELS, Appellees

**On Appeal from the 80th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2011-17970**

## C O N C U R R I N G   O P I N I O N

I agree with the majority opinion's disposition. I write separately to note that we need not address whether the Abraham Watkins Parties were required to authenticate the exhibits attached to their February 2014 motion for summary judgment. No such determination is required because the majority holds that this court can consider the exhibits Haase attached to his own summary judgment response in affirming the trial court's summary judgment order.

I disagree with any suggestion that the Abraham Watkins Parties were required to

authenticate readily available and easily verifiable WestlawNext printouts of federal court opinions attached to the motion for summary judgment.

For more than two decades, summary judgment movants have not been required to authenticate excerpts from depositions taken in the case in which the motion was filed. *McConathy v. McConathy*, 869 S.W.2d 341, 342 (Tex. 1994) (per curiam). "All parties have ready access to depositions taken in a cause, and thus deposition excerpts submitted with a motion for summary judgment may be easily verified as to their accuracy." *Id*. "Authentication is not necessary and is not required under the present rules." *Id*. (footnote omitted). Following this approach, no useful purpose is served by requiring an affidavit authenticating electronic copies of court opinions that likewise are readily available and easily verifiable.

There is room to discuss whether *McConathy*'s practical rationale also applies to the Abraham Watkins Parties' reliance on deposition excerpts and court filings from the underlying federal case given that Haase (1) was a named plaintiff in the underlying case; and (2) relies upon the underlying case as his basis for suing attorneys who represented him in the underlying case. If ready access and easy verification are considered, then Haase is hard-pressed to explain how authenticity legitimately can be questioned with respect to copies of depositions and court filings from his own federal court case. Ultimately, however, the discussion is unnecessary because the majority opinion's analysis focuses on the exhibits attached to Haase's summary judgment response.

/s/    William J. Boyce
Justice

Panel consists of Chief Justice Frost and Justices Boyce and Wise (Frost, C.J., majority).

2