

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-20-00474-CV

Raymond **MONTES**,
Appellant

v.

Rudolfo Buentello **MONTES**,
Appellee

From the 454th Judicial District Court, Medina County, Texas
Trial Court No. 19-03-25678-CV
Honorable Daniel J. Kindred, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: July 28, 2021

AFFIRMED

Raymond Montes appeals the take nothing summary judgment rendered against him in his suit for debt against Rudolfo Buentello Montes. We affirm the judgment.

BACKGROUND

Raymond Montes sued his father, Rudolfo Buentello Montes, alleging his father signed a series of loan agreements and failed to pay as promised. Rudolfo's answer included a verified defense of forgery, in which he denied executing or authorizing the execution of any documents agreeing to pay Raymond money and affirmatively pled that any document purportedly signed by

him agreeing to pay Raymond money was a forgery. After discovery, Rudolfo filed a traditional motion for summary judgment. Raymond responded and, after a hearing, the trial court rendered a take-nothing summary judgment against Raymond. Raymond appeals the judgment, arguing 1) the motion was legally insufficient because it failed to expressly present the ground on which summary judgment was sought; 2) the trial court erred in granting the motion because the question of whether Rudolfo's signature on documents evidencing the debt was forged is a fact issue; and 3) the trial court erred in failing to consider Raymond's supplemental affidavits.

## DISCUSSION

### *Sufficiency of Motion*

In his first issue, Raymond contends the motion for summary judgment was insufficient because it did not "state a single ground upon which the motion was based [and] did not cite to a single law or statue [sic] that would warrant the granting of a summary judgment." Raymond contends the motion did not give him sufficient notice to prepare a response.

Rudolfo's motion, under the heading "Grounds for Summary Judgment," first relied on Raymond's discovery responses to establish that the basis of the suit was a series of handwritten documents purporting to contain Rudolfo's signature and agreement to pay sums of money to Raymond. The discovery responses and handwritten documents were attached to the motion for summary judgment. The next paragraph of the motion stated that the documents relied on by Raymond are forgeries. Rudolfo submitted summary judgment evidence to support that his purported signatures on the documents were forgeries. In his response to the motion for summary judgment, Raymond recognized that Rudolfo "argues the documents relied on by plaintiff are obvious forgeries." Nevertheless, Raymond asserted, as he does on appeal, that the motion for summary judgment did not state the ground on which it was based.

Rule 166a(c) requires a motion for summary judgment to "state the specific grounds therefor." TEX. R. CIV. P. 166a(c). The purpose of the requirement is to give fair notice to the opposing party, in order to define the issues and give the opposing party adequate information to prepare a response opposing the motion. *See Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 311 (Tex. 2009). Citation to statutory or case law is not required, so long as fair notice of the ground on which summary judgment is given.

The motion for summary judgment gave Raymond fair notice that summary judgment was sought on Rudolfo's verified defense of forgery and that Rudolfo sought to establish that he did not execute the documents upon which Raymond's suit was based. We overrule Raymond's first issue.

### *Genuine Issue of Material Fact*

In his second issue, Raymond asserts the court erred in granting summary judgment because "whether the signatures were different and forged as appellee argued was a factual dispute for the trier of fact." Raymond appears to contend that summary judgment was improper because, as the trial court recognized, whether a signature is genuine or is forged is generally a question of fact. However, summary judgment on a fact-based affirmative defense is proper if the movant produces sufficient proof to establish the ultimate fact as a matter of law and the non-movant fails to submit evidence creating a genuine issue of material fact. *See Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995).

We review the summary judgment de novo. *Provident Life & Acc. Ins. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). In deciding whether there is a disputed material fact issue precluding summary judgment, we take evidence favorable to the non-movant as true and indulge every reasonable inference and resolve any doubts in his favor. *Id.* Summary judgment may be based on uncontroverted testimonial evidence of an interested witness if the evidence is clear, positive and

direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted. TEX. R. CIV. P. 166a(c).

Rudolfo's summary judgment evidence included Raymond's discovery responses and his and his son Rudolpho Jr.'s unsworn declarations.[1] Rudolfo clearly and unequivocally stated his purported signatures on the documents Raymond produced in discovery are forgeries. He also attached five pages of exemplars of his signature and copies of three government-issued licenses and identification cards bearing his signature. Rudolpho Jr.'s declaration clearly and unequivocally stated his opinion that his father's signatures on the documents are forgeries. Rudolpho Jr. stated he is familiar with his father's signature and handwriting, and his opinion is based on that familiarity and his examination of the documents. He also pointed out specific ways in which the characters in the signature on Raymond's documents differ from the way his father writes those characters when he signs his name or writes his initials.

Rudolfo met his summary judgment burden to establish the signatures were forgeries. His declaration stating his signatures on the documents are forged is clear, direct, and positive. His statements could have been readily controverted, for example, with evidence from someone who saw Rudolfo sign one or more of the documents or who Rudolfo told he had signed one or more of the documents, or with evidence of the circumstances in which the documents were created from which it rationally could be inferred that Rudolfo signed them. Rudolpho Jr.'s lay opinion that Rudolfo's signature on the documents are forgeries is also clear, direct, and positive. And it is probative because it is rationally based on his perceptions, as set forth in the declaration. *See* TEX. R. EVID. 701(a). Rudolpho Jr.'s declaration could have been readily controverted by any other person familiar with Rudolfo's signature who believed the signatures were genuine.

---

[1] *See* TEX. CIV. PRAC. & REM. CODE § 131.002(a) (authorizing use of unsworn declaration in lieu of affidavit).

Once Rudolfo established a right to summary judgment on his affirmative defense of forgery, the burden shifted to Raymond to present contradictory evidence raising a genuine issue of material fact in order to avoid summary judgment. *See KENS-TV, Inc. v. Farias*, No. 04-07-00170-CV, 2007 WL 2253502, at *2 (Tex. App.—San Antonio, Aug. 8, 2007, pet. denied) (mem. op.). Raymond's response to the motion for summary judgment generally asserted that whether the signatures on the documents are authentic or forged is a question of fact. The only summary judgment evidence he submitted on the forgery issue was his affidavit, which states he and his father had written loan agreements and "my dad signed the handwritten loans." Although Raymond attached the alleged loan agreements to his response, his affidavit does not specifically refer to them or identify any specific documents his father signed. Further, the affidavit did not contain a factual basis for the statement, "my dad signed the handwritten loans." It did not state Raymond saw Rudolfo sign them or that Rudolfo told Raymond he had signed them, and did not state any of the circumstances surrounding the execution of the documents, from which it might reasonably be inferred that Rudolfo signed them. The affidavit does not state Raymond is familiar with Rudolfo's signature or state his opinion the signatures on the purported loan agreements are genuine.

A statement in an affidavit is conclusory if the affidavit does not provide the underlying facts to support the conclusion. *Watkins v. Isa*, No. 04-11-00622-CV, 2012 WL 2021929, at *3 (Tex. App.—San Antonio June 6, 2012, no pet.) (mem. op.). The bare assertion in Raymond's affidavit stating his father signed the documents is unsupported by any facts and is conclusory. "Affidavit testimony that is conclusory is substantively defective and amounts to no evidence." *Id.* Conclusory statements in an affidavit are insufficient to raise a fact issue to prevent the granting of summary judgment. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984). The trial court

therefore did not err in concluding there was no genuine issue of material fact as to Rudolfo's defense of forgery and Rudolfo was entitled to summary judgment on that ground.

### *Supplemental Affidavits*

In his final issue, Raymond contends the trial court erred by refusing to consider two timely-filed supplemental affidavits. The trial court did not consider the affidavits because the witnesses had not been identified in supplemental disclosures before the discovery deadline. *See* TEX. R. CIV. P. 193.6 (party may not offer testimony of witness who was not timely identified unless court finds good cause and no unfair surprise or prejudice to other parties); *Fort Brown Villas III Condo. Ass'n, Inc. v. Gillenwater*, 285 S.W.3d 879, 882 (Tex. 2009) (holding Rule 193.6's exclusion of evidence not produced or disclosed before discovery deadline applies in summary judgment proceedings).

On appeal, Raymond does not address the ground for the trial court's ruling or argue he established good cause for failing to timely identify the witnesses. Rather, he contends the trial court erred because consideration of the affidavits was expressly authorized by Rule 166a(d). That section provides:

> **(d) Appendices, References and Other Use of Discovery Not Otherwise on File.** Discovery products not on file with the clerk may be used as summary judgment evidence if copies of the material, appendices containing the evidence, or a notice containing specific references to the discovery or specific references to other instruments, are filed and served on all parties together with a statement of intent to use the specified discovery as summary judgment proofs: (i) at least twenty-one days before the hearing if such proofs are to be used to support the summary judgment; or (ii) at least seven days before the hearing if such proofs are to be used to oppose the summary judgment.

TEX. R. CIV. P. 166a(d). Raymond asserts Rule 166a(d) provides a means for a party to support or oppose summary judgment with "documents or discovery responses [that] have not yet been served on the other side." Raymond does not cite any authority in support of his construction of the rule.

The purpose of Rule 166a(d) is to provide a method for parties to rely on materials that *have been produced* in discovery, but not filed with the court, to support or defend motions for summary judgment because most depositions and discovery responses are no longer routinely filed with the court. *See* TIMOTHY PATTON, SUMMARY JUDGMENTS IN TEXAS § 6.04[1][a] (3d ed. 2020); *see also McConathy v. McConathy*, 869 S.W.2d 341, 342 (Tex. 1994) (stating Rule "sets forth the current procedures for use of *unfiled discovery products* as summary judgment evidence" (emphasis added)). The rule on its face does not authorize the use of *unserved* discovery responses or affidavits of witnesses who have not been timely identified in discovery. Such a construction of Rule 166a(d) would directly conflict with the Supreme Court's holding in *Gillenwater*. *See* 285 S.W.3d at 882. Because Rule 166a(d) did not authorize the trial court to consider the affidavits and Raymond has not shown the trial court abused its discretion, we overrule Raymond's final issue.[2]

We therefore overrule each of Raymond's issues and affirm the trial court's judgment.

Luz Elena D. Chapa, Justice

---

[2] We note that neither of the affidavits directly address the authenticity of Rudolfo's signature on the alleged loan agreements.