# TEXAS COURT OF AP PEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00394-CV

---

**Enterprise Center Giddings, L.L.C., Appellant**

**v.**

**Connie Buscha, Appellee**

---

**FROM THE 21ST DISTRICT COURT OF LEE COUNTY**
**NO. 17,647, THE HONORABLE REVA TOWSLEE-CORBETT, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellant Enterprise Center Giddings, LLC (Enterprise) appeals from the trial court's grant of summary judgment in a suit brought by appellee Connie Buscha. On appeal, Enterprise contends that Buscha failed to meet her burden to establish her claims as a matter of law and that, consequently, the trial court erred in granting her motion for summary judgment and awarding her damages on her claims. *See* Tex. R. Civ. P. 166a. Because we conclude that the summary-judgment evidence is insufficient to support the trial court's ruling, we reverse and remand for further proceedings.

## BACKGROUND

The suit underlying this appeal arises from a contract between Buscha and Enterprise, under which Enterprise agreed to provide materials and services to convert a pre-made 14-foot-by-40-foot shed into a cabin and then deliver the cabin to Buscha's property.

Although Enterprise delivered the converted shed, Buscha was dissatisfied with the results of the conversion and filed suit against Enterprise.

In her original petition, Buscha generally alleges that Enterprise failed to deliver and complete the conversion as agreed upon and as represented. Specifically, Buscha alleges that the cabin was to have many upgraded features, including ground anchors and a built-on-site custom deck, and that Enterprise assured her that contractors would be on site the day of delivery to anchor the shed and to complete the deck, but no contractors ever arrived to complete either task. In addition, Buscha claims that upon further inspection, she discovered that the cabin was defective in several respects: incomplete plumbing, exposed electrical wires, exposed insulation, missing or defective kitchen cabinetry, defective framing around bedroom windows, and incomplete kitchen countertop work. According to Buscha, the cabin required additional work to be habitable, and she subsequently hired a contractor to complete and repair the conversion.

Buscha moved for traditional summary judgment on all of her claims for relief: breach of contract, common law fraud, negligent misrepresentation, and violations of the Texas Deceptive Trade Practices Act (DTPA). In support of her summary-judgment motion, Buscha attached numerous pictures, which according to her motion, document Enterprise's deficient and defective work. Buscha also attached copies of various receipts, purporting to show the agreed-to prices for the pre-made shed and its conversion along with the payments made by Buscha to Enterprise and to the later-hired contractor. Enterprise, who was unrepresented at the time, did not file a response to Buscha's motion or appear at the summary-judgment hearing. The trial court granted the motion for summary judgment and awarded Buscha $254,868.00 in actual damages, which includes treble damages under the DTPA; and $50,000 in exemplary damages; plus attorney's fees and prejudgment interest.

2

**STANDARD OF REVIEW**

To prevail on a traditional motion for summary judgment, the movant must show that there are no disputed issues of material fact and the movant is entitled to judgment as a matter of law. *Tarr v. Timberwood Park Owner's Ass'n, Inc.*, 556 S.W.3d 274, 278 (Tex. 2018) (citing Tex. R. Civ. P. 166a(c)). When, as in this case, a movant seeks traditional summary judgment on its own cause of action, the movant has the initial burden of establishing its entitlement to judgment as a matter of law by conclusively establishing each element of its claim. *Texas Ass'n of Acupuncture & Oriental Med. v. Texas Bd. of Chiropractic Exam'rs*, 524 S.W.3d 734, 738 (Tex. App.—Austin 2017, no pet.). A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005). When the movant meets this burden, the burden shifts to the non-movant to present evidence creating a genuine issue of material fact precluding summary judgment. *Texas Ass'n of Acupuncture & Oriental Med.*, 524 S.W.3d at 738 (citing *Trudy's Tex. Star, Inc. v. City of Austin*, 307 S.W.3d 894, 905 (Tex. App.—Austin 2010, no pet.)). The trial court may not grant summary judgment by default because the non-movant did not respond to the summary-judgment motion when the movant's summary judgment proof is legally insufficient. *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 512 (Tex. 2014).

We review a trial court's decision to grant summary judgment de novo. *Tarr*, 556 S.W.3d at 278. In conducting this review, we take as true all evidence favorable to the non-movant, and we indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

## DISCUSSION

As an initial matter, because it impacts whether Buscha met her evidentiary burden as to any of her claims, we consider Enterprise's complaint that Buscha failed to present any competent summary-judgment evidence to support her motion for summary judgment.

Summary-judgment evidence must be presented in a form that would be admissible at trial. *Estate of Guerrero*, 465 S.W.3d 693, 706 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (en banc). A motion for summary judgment may be supported or opposed by affidavits that are based on personal knowledge and "set forth such facts as would be admissible in evidence." *See* Tex. R. Civ. P. 166a(f). Pleadings, however, are not competent summary-judgment evidence. *Bingham v. Walgreen Co*., No. 01-00-00152-CV, 2001 Tex. App. LEXIS 2240, at *3 (Tex. App.—Houston [1st Dist.] Apr. 5, 2001, no pet.) (op.) (citing *Laidlaw Waste Systems, Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995)). Similarly, unauthenticated or unsworn documents are not entitled to consideration as summary-judgment evidence. *Consolidated Healthcare Servs., LLC. v. Mainland Shopping Ctr., Ltd.*, 589 S.W.3d 915, 923-24 (Tex. App.—Houston [14th Dist.] 2019, no pet.). The same rule applies to unauthenticated photographs. *Walker v. Hansford*, No. 07-20-00229-CV, 2021 Tex. App. LEXIS 8562, at *9 (Tex. App.—Amarillo Oct. 21, 2021, no pet.) (mem. op.). Here, the record reveals that Buscha did not support her summary-judgment motion with any affidavits, including her own, summarizing the events that transpired between the parties or authenticating the documents and photographs attached to her motion. Consequently, Enterprise argues, Buscha has effectively presented no evidence to support any of her claims.

In response, Buscha does not dispute that the documents and photographs attached to her motion are not authenticated by sworn affidavit. Instead, she points out that

4

although Enterprise had notice of her summary-judgment motion, it failed to file a response or to appear at the summary-judgment hearing and that, as a result, it has "provided no evidence of a failure to authenticate." However, as previously discussed, Enterprise had no burden to present any evidence until Buscha met her initial burden to present conclusive evidence establishing her claims. *See Amedisys*, 437 S.W.3d at 512; *see also City of Houston v. Clear Creek Basin Auth*., 589 S.W.2d 671, 678 (Tex. 1979) ("[T]he non-movant's failure to answer or respond cannot supply by default the summary judgment proof necessary to establish the movant's right."). In addition, to the extent Buscha suggests that Enterprise is prevented from raising this evidentiary issue on appeal, we disagree.

"Defects in the form of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend." Tex. R. Civ. P. 166a(f). On the other hand, objections to defects in the substance of summary-judgment proof are not required to be first presented to, and ruled on by, the trial court. *Estate of Guerrero*, 465 S.W.3d at 706 "A complete absence of authentication is a defect of substance that is not waived by a party failing to object and may be urged for the first time on appeal." *Id.* (quoting *Blanche v. First Nationwide Mortgage Corp.*, 74 S.W.3d 444, 451 (Tex. App.—Dallas 2002, no pet.)); *Gudur v. Texas Dep't of Health*, No. 03-03-00752-CV, 2005 Tex. App. LEXIS 8742, at *17-18 (Tex. App.—Austin Oct. 21, 2005, no pet.) (mem. op.). Thus, Enterprise is entitled to argue in this appeal that some or all of Buscha's summary-judgment evidence is unauthenticated and cannot support the trial court's ruling.

In the alternative, Buscha argues that at least some of the evidence submitted in support of her summary-judgment motion—namely, Enterprise's responses to discovery—does not require authentication and that this evidence, standing alone, is sufficient to support summary

judgment in her favor. We agree that information and documents produced by Enterprise in response to discovery in this case may constitute competent summary-judgment evidence. Under Rule 166a(d), "discovery products not on file with the clerk may be used as summary judgment evidence" when certain requirements are met, *see* Tex. R. Civ. P. 166a(d), and this rule "supersedes any authentication requirement." *McConathy v. McConathy*, 869 S.W.2d 341, 342 (Tex. 1994) (concluding that unauthenticated deposition excerpts could be submitted as summary-judgment evidence under Rule 166a(d)). However, even assuming that the requirements of Rule 166a(d) have been satisfied with respect to Enterprise's discovery responses, we disagree with Buscha's contention that this evidence is sufficient to support the trial court's grant of summary judgment.

In support of her summary-judgment motion, Buscha attached Enterprise's responses to her requests for disclosure, requests for production, interrogatories, and request for admissions. *See* Tex. R. Civ. P. 194, 196-198. As Buscha points out, Enterprise's discovery responses include admissions that (1) Enterprise "made a promise to deliver the cabin" in a good and workman-like manner, and with all upgrades selected by Buscha; (2) it represented that upon delivery, "the cabin would have completed and correctly installed plumbing"; and (3) it "agreed to keep and provide proper accounting to [Buscha]" for all funds withdrawn from her account. Nevertheless, even assuming that these admissions are conclusive evidence of representations made by Enterprise, as Buscha contends, we cannot conclude that she has established her claims as a matter of law. For example, the discovery responses do not include any evidence that these representations, if made, were false; that Enterprise's work was incomplete or defective such that it failed to comply with the terms of any warranty or contract; or that Buscha suffered any damages or loss as a result of Enterprise's actions or inactions.

6

In summary, upon review of the summary-judgment record, we conclude that the discovery responses attached to Buscha's summary-judgment motion are insufficient standing alone to conclusively establish the elements of her claims for breach of contract, common-law fraud, negligent misrepresentation, or violations of the DTPA. [1]  Because Buscha did not attach any other competent summary-judgment evidence to her summary-judgment motion, we conclude that the trial court erred in granting the motion.

## CONCLUSION

We reverse the trial court's summary judgment and remand for further proceedings.

_____

Chari L. Kelly, Justice

Before Chief Justice Byrne, Kelly, and Smith

Reversed and Remanded

Filed:   December 30, 2022

---

[1]  To establish a claim for a violation of the DTPA, a plaintiff is required to prove, in part, that (1) the defendant committed a false, misleading, or deceptive act or practice that was relied on by the plaintiff to the plaintiff's detriment, and (2) the defendant's action was a producing cause of the plaintiff's damages.  *See* Tex. Bus. & Com. Code §§ 17.41-.63; *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649 (Tex. 1996).  Similarly, a claim for common-law fraud requires, among other elements, proof that (1) the defendant made a material representation that was false, (2) the plaintiff actually and justifiably relied upon the representation, and (3) suffered injury as a result, *JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 654 (Tex. 2018), and a claim for negligent misrepresentation requires proof that (1) the defendant conveyed false information for the guidance of others in their business, and (2) the plaintiff suffered pecuniary loss by justifiably relying on the representation, *id.* at 654-55.  A plaintiff asserting a breach-of-contract claim must prove: (1) the existence of a valid contract, (2) the plaintiff performed or tendered performance as the contract required, (3) the defendant breached the contract by failing to perform or tender performance as the contract required, and (4) the plaintiff sustained damages as a result of the breach.  *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n.21 (Tex. 2018).